1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

Plaintiff,

v.

PEDRO MORALES-CARRILLO,

Defendant.

Case No. 2:17-cr-00241-KJD-BNW-1

**REPORT AND RECOMMENDATION**

11    Pedro Morales Carrillo (Mr. Morales-Carrillo) was indicted for having illegally re-entered
12 the country after having been removed, a violation of 8 U.S.C. § 1326. (ECF No. 1.) The
13 Indictment alleges he was previously removed from the country on February 12, 2009, and
14 October 26, 2010. (*Id*.) Mr. Morales-Carrillo filed a Motion to Dismiss on November 5, 2019,
15 which is presently before the court. (ECF 19.) The government responded on December 6, 2019
16 (ECF No. 24), and Mr. Morales-Carrillo replied on December 20, 2019. (ECF No. 27.)

17    On February 10, 2009, the Department of Homeland Security (DHS) issued a Notice to
18 Appear. (ECF No. 19, Ex. A at 2.) It alleges that Mr. Morales-Carrillo (1) was not a citizen or
19 national of the United States; (2) was a native and citizen of Mexico; (3) arrived in the United
20 States on or about June 2007; and (4) was not then admitted or paroled after inspection by an
21 Immigration Officer. (*Id*.) Mr. Morales-Carrillo was charged with being subject to removal
22 pursuant to Immigration and Naturalization Act ("INA") § 212(a)(6)(A)(i): being an alien present
23 in the United States without being admitted or paroled, or who arrived in the United States at any
24 time or place other than as designated by the Attorney General. (*Id*.) On that same day, after
25 being interviewed by an Immigration Officer, Mr. Morales-Carrillo signed a stipulated request for
26 a removal order and waiver of hearing. (ECF No. 19, Ex. B at 2-5.) In so doing, Mr. Morales-
27 Carrillo waived his right to hire counsel, his right to have a hearing before an Immigration Judge,
28 his right to appeal, and his right to any relief from deportation. (*Id*., Ex. D) On February 11, 2009,

the Immigration Judge issued a removal order. (ECF No. 19, Ex. D at 2.) The record is silent as to whether the Immigration Judge made a determination that Mr. Morales-Carrillo's waiver of rights was voluntary, knowing and intelligent. (*Id.*) The next day, Mr. Morales-Carrillo was removed to Mexico. (ECF No. 24, Ex. A at 19.)

At some point, Mr. Morales-Carrillo re-entered the country. On October 25, 2010, DHS issued a Notice of Intent to Reinstate a Prior Deportation/Removal Order. (ECF No. 19 Ex. E at 2.) Later that day, a Border Patrol Agent issued an order reinstating the prior February 11, 2009 deportation order. (*Id.*) Based on this reinstatement order, on October 26, 2010, Mr. Morales-Carrillo was physically removed from the United States to Mexico. (*Id.*)

Mr. Morales-Carrillo argues the 2009 order of removal is defective on two grounds: (1) the Immigration Judge accepted a stipulated request for removal without any independent inquiry as to whether it was entered voluntarily, knowingly, and intelligently, which is required by 8 C.F.R. § 1003.25(b), and (2) Mr. Morales-Carrillo was never informed that he was statutorily eligible to seek relief from removal. Given the 2010 order of removal is a reinstatement of the 2009 order, Mr. Morales-Carrillo argues that both removals were defective and, therefore, cannot form the basis of the current prosecution against him.

The sum and substance of the government's argument is that, assuming there was a due process violation, Mr. Morales-Carrillo cannot show that he was prejudiced.

### Analysis

A defendant charged under 8 U.S.C. § 1326 may challenge the removal order on which the charge against him is based. *See United States v. Mendoza-Lopez*, 481 U.S. 828, 837-38 (1987). To prevail, the defendant must show: first, that he exhausted any administrative remedies that may have been available to seek relief against the order; second, that the deportation proceedings at which the order was issued improperly deprived him of judicial review; and third, that the entry of removal order was fundamentally unfair. 8 U.S.C. § 1326(d) (2019). An underlying removal order is fundamentally unfair if: (1) a defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects. *United States v. Ubaldo–Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004). As

discussed below, Mr. Morales-Carrillo's collateral attack on his removal proceedings turns on the third prong: whether the Immigration Judge's failure to follow 8 C.F.R. § 1003.25(b) and advise him of his apparent eligibility for voluntary departure relief resulted in any prejudice.

**I.     Violation of 8 C.F.R. § 1003.25(b)**

Under 8 C.F.R. § 1003.25(b), an Immigration Judge may enter a stipulated order of deportation. If the individual is unrepresented, however, the Immigration Judge must determine that the waiver is voluntary, knowing, and intelligent.

An agency's failure to afford the basics of due process under its own regulations can result in the invalidation of the ultimate administrative determination. *United States v. Ramos*, 623 F.3d 672, 683 (9th Cir. 2010); *see also United States v. Gomez*, 757 F.3d 885, 897 (9th Cir. 2014). The burden lies with the prosecution to demonstrate that the waiver of the rights in a stipulated removal was voluntary, knowing, and intelligent. *See United States v. Lopez-Vasquez*, 1 F.3d 751, 753 (9th Cir. 1993). The government must establish waiver by clear and convincing evidence. *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1043 (9th Cir. 2012).

In this case, the Notice to Appear was issued on February 10, 2009. (ECF No. 29, Ex. A.) On the same day, Mr. Morales-Carrillo signed the Stipulated Removal form waiving several rights. (*Id.*, Exs. B and C.) On the basis of Mr. Morales-Carrillo's admissions in the Stipulated Removal form, the Immigration Judge ordered him removed. (*Id.*, Ex. D.) Here, there is no factual record supporting the notion that the Immigration Judge made a determination that Mr. Morales-Carrillo's waiver was voluntary, knowing, and intelligent. Importantly, Mr. Morales-Carrillo did not have counsel at the time he signed the form agreeing to a stipulated removal. Relying on the stipulated removal form—without more—is insufficient to prove by "clear and convincing evidence" that his waiver was valid. *Gomez*, 757 F.3d at 893. Here, the procedures followed in removing Mr. Morales-Carrillo violated 8 C.F.R. § 1003.25(b). *See Ramos*, 623 F.3d at 683.

A defendant can satisfy the first two prongs of § 1326(d) by showing that immigration officials in the underlying removal proceeding violated a regulation designed to protect an alien's right to judicial review. *See United States v. Barajas–Alvarado*, 655 F.3d 1077, 1084–85 (9th Cir.

2011). Given the violation in this case, Mr. Morales-Carrillo need not establish the first two

prongs of *Mendoza-Lopez.*[1]

**II.      Failure to inform Mr. Morales-Carrillo of eligibility for relief from removal**

An individual may apply for voluntary departure before the conclusion of the removal

proceedings or at the conclusion of removal proceedings. 8 U.S.C. § 1229c(a) and (b) (2018).

Pre-conclusion voluntary departure, also known as fast-track voluntary departure, has only two

bars to eligibility. Under 8 U.S.C. 1229c(a), voluntary departure is not available to individuals

who have been convicted of an aggravated felony or who are charged with deportability under 8

U.S.C. § 1227(a)(4) (security and terrorism-related grounds). Where the record contains an

inference that the petitioner is eligible for relief from deportation, the Immigration Judge must

advise the alien of this possibility and give him the opportunity to develop the issue. *United States

v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000). This requirement, according to the Ninth Circuit,

is "mandatory." *Id*. Failure to do so is a denial of due process that invalidates the underlying

deportation proceeding. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1050 (9th Cir. 2004).

Mr. Morales-Carrillo argues that he was statutorily eligible to seek relief from removal by

requesting voluntary departure under 8 U.S.C. § 1229c(a). The government does not contest Mr.

Morales-Carrillo's statutory eligibility. As discussed previously, Mr. Morales-Carrillo signed a

stipulated request of removal (where he waived his rights to relief from deportation) but there was

no determination made that his waiver was voluntary, knowing and intelligent. Nor does the

stipulated request for removal explain the relief he was statutorily eligible for (the form lists

"voluntary departure" but does not explain what that is). The record does not support a finding

that Mr. Morales-Carrillo was informed of the relief available to him. Thus, Mr. Morales-Carrillo

can establish a due process violation.

Where, as here, the defendant argues that "the IJ has failed to provide information about

apparent eligibility for relief, we excuse the alien from demonstrating that the alien exhausted any

---

[1] The court notes the government's argument with regards to Mr. Morales-Carrillo's need to affirmatively show he has met all of the prongs in the *Mendoza-Lopez* test and its request to preserve the argument for appellate review.

administrative remedies that may have been available." *United states v. Valdez-Novoa*, 780 F.3d 906, 913 (9th Cir. 2015) (*citing United States v. Vidal–Mendoza*, 705 F.3d 1012, 1015 (9th Cir. 2013)).

### III.    Prejudice

To succeed in demonstrating that the 2009 removal order was fundamentally unfair, Mr. Morales-Carrillo must also establish that he suffered prejudice as a result of the entry of the order. *See United States v. Jimenez–Marmolejo*, 104 F.3d 1083, 1085 (9th Cir. 1996). To do so, he bears the burden of showing he had "plausible grounds for relief" from the removal order.[2] *Id*. at 1086; *see also United States v. Valdez-Novoa*, 780 F.3d 906, 916 (9th Cir. 2015). The Ninth Circuit follows a two-step process to determine whether the defendant would have plausibly been granted a discretionary form of relief from removal. *See United States v. Rojas–Pedroza*, 716 F.3d 1253, 1263 (9th Cir. 2013). "First, we identify the factors relevant to the [agency's] exercise of discretion for the relief being sought." *Id*. Second, "we determine whether, in light of the factors relevant to the form of relief being sought, and based on the unique circumstances of the [defendant's] own case," it was plausible that the agency official considering the defendant's case would have granted relief from removal. *Id*.

Here, the government does not contest that Mr. Morales-Carrillo was eligible for pre-conclusion voluntary departure. Favorable factors in determining whether to grant pre-conclusion voluntary departure include: long residence, close family ties to the United States, and humanitarian needs. *United States v. Rojas-Pedroza*, 716 F.3d 1253, 1265 (9th Cir. 2013). Negative factors include the nature and underlying circumstances of the deportation ground at issue; additional violations of the immigration laws; the existence, seriousness, and recency of

---

[2]  Mr. Morales-Carrillo argues that once he has made a prima-facie showing that he had a plausible ground for relief, the burden shifts to the government to show that the procedural violation could not have changed outcome of the proceeding. (ECF 19 at 14.) However, the Ninth Circuit has made clear there "is no difference between describing the prejudice analysis as a two-part burden shifting inquiry, on the one hand, and stating that it is the defendant's burden to show prejudice, on the other hand." *United States v. Valdez-Novoa*, 780 F.3d 906, 916 (9th Cir. 2015). Requiring the defendant to make "a prima facie showing" is neither more nor less onerous than requiring the defendant to show that relief was "plausible." *Id*.

any criminal record; and any other evidence of bad character or the undesirability of the applicant as a permanent resident." *Id*.

With these factors in mind, we turn to the circumstances of Mr. Morales-Carrillo's case. Mr. Morales-Carrillo cannot establish long residence in the United States (April 2007-February 2009) nor can he establish close family ties to this country (listed family residing in Mexico and no family in United States (ECF No. 24, Ex. 3)). In addition, nothing suggests humanitarian needs were at play (no claims for asylum or under the Convention Against Torture, etc. (ECF No. 24, Ex. 1)). While the notice to appear does not list his crime as a basis for removal, and while there is no indication that he had any prior contact with immigration, he was convicted of a serious offense (trafficking in a controlled substance) and was sentenced to 12-48 months. The judgment of conviction was entered in May 2008—approximately nine months prior to being ordered removed. While the government listed other positive equities that materialize in Mr. Morales-Carrillo's favor, he ultimately falls short. The government has the better argument: there is a big difference between being eligible for relief and showing there are plausible grounds for receiving it.

IT IS, THEREFORE, RECOMMENDED that Defendant's motion to dismiss (ECF No. 19) be DENIED.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 27, 2019

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE